CROSSLAND v. STATE.

Opinion delivered February 3, 1906.

1. LARCENY—THEFT OF CHECK.—The stealing of a check valued at $15 constitutes grand larceny, under Kirby's Digest, § § 1821-1824. (Page 545.)

2. SAME—EVIDENCE.—In a prosecution for larceny of a bank check, where the defense was that the prosecuting witness gave the check to defendant, evidence that the prosecuting witness had been accustomed to give to defendant money and checks under like conditions as defendant claims the check in controversy was given was admissible to explain defendant's possession of the check and his intent in passing it. (Page 546.)

Appeal from Sebastian Circuit Court, Fort Smith District; STYLES T. ROWE, Judge; reversed.

STATEMENT BY THE COURT.

E. B. Crossland was indicted and convicted of grand larceny of a check made payable to James G. Frizzell. His defense was that it was given to him by Emmet Frizzell, who was the manager of James G. Frizzell's business. The facts of the transaction are detailed in the companion case of *Crossland* v. *State, ante* p. 537.

The following are the grounds for new trial referred to in the opinion: "(2) The court erred in not permitting defendant to testify that he had, prior to the time he is alleged to have stolen the check mentioned in the indictment, been accustomed to getting money and checks from the prosecuting witness, Emmet Frizzell, and that the said Emmet Frizzell, prior to the alleged larceny, gave him money and checks from time to time, under the same circumstances, conditions and considerations as the check he is alleged to have stolen was given. * * * (4) The court erred in refusing to permit the defendant to prove by the witness Emmet Frizzell that he had at different times, prior to the alleged larceny, given to the defendant money, and in refusing to permit defendant to prove by the said Emmet Frizzell that he had from time to time, prior to the alleged larceny, given him like checks as the one the defendant was charged with stealing, and in refusing to permit the defendant to prove by the said Emmet Frizzell that the said money and checks were given under like conditions as defendant claims the check in controversy was given. (5) The court erred in not permitting defendant to prove by the witness Emmet Frizzell that he had a note of defendant's for $250, but that this note did not in fact represent an indebtedness from defendant to him, but was for money and checks under like circumstances as defendant claims the check in controversy was given him."

*Ira D. Oglesby,* for appellant.

*Robert L. Rogers, Attorney General,* for appellee.

Confession of error.

Wood, J. Appellant was indicted in the Sebastian Circuit Court for the larceny of a bank check valued at $15. The indictment was good. The stealing of the check as alleged would consti-

35

tute grand larceny under sections 1821 to 1824 inclusive, of Kirby's Digest.

The court erred in excluding from the jury testimony concerning the prior transactions with Emmet Frizzell as to the giving by him of money and checks to appellant. This testimony tended to explain the appellant's possession of the alleged check, and to throw light upon his intent in the transaction. It corroborated appellant's version, and was proper for the consideration of the jury. The court erred in overruling appellant's second, fourth and fifth grounds of the motion for new trial. Attorney General's confession of error is sustained.

The judgment is reversed, and the cause is remanded for a new trial.